BRASS & CORDOVA
EDWARD K. BRASS
Attorney for the Defendant
8160 South Highland Dr. Suite A-4
Sandy, UT 84093
Telephone: (801) 322-5678
Email: Ed@edbrasslaw.com

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| THE UNITED STATES OF AMERICA, Plaintiff, v. JESSE NEAL KNIGHT, Defendant. | SENTENCING MEMORANDUM  Case No. 2:23-CR-0032 TC |
|---|---|

 Mr. Knight, files the following sentencing memorandum in regard to his sentencing scheduled for September 20, 2023. Mr. Knight takes no issue with the presentence report.

 Mr. Knight has been convicted by a guilty plea of human trafficking of a minor (two counts) in violation of 18 U.S.C §1591(a). He also entered a guilty plea to production of child pornography in violation of 18 U.S.C. 2251(a) and 2251(e). Under the circumstances of this particular case, his sentencing guideline is life in prison[1]. The parties have agreed pursuant to Rule 11 (c)(1)(C) of the Federal Rules of Criminal Procedure upon a sentence of 180 months in the custody of the Bureau of Prisons. This is consistent with the minimum mandatory sentence for count 3 and exceeds the minimum mandatory sentence for counts 1 and 2. He has also stipulated to

---

[1] Presentence report paragraph 99.

1

lifetime supervision As the court is well aware, under 18 U.S.C. § 3553 (a), the Court must consider the following factors:

(1) The nature and circumstances of the offense history and characteristic of the defendant;

(2) The need for the sentence to be imposed to

    (a) Reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense;

    (b) Afford adequate deterrence to criminal conduct;

    (c) Protect the public from further crimes of the defendant;

    (d) Provide the defendant with needed educational, vocational training, medical care, or other correctional treatment in the most effective manner;

(3) The kinds of sentences available;

(4) The kinds of sentence and the sentencing range established for . . .

(5) Any pertinent policy statement issued by the United States Sentencing Commission;

(6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) The need to provide restitution to any victims.

All of these factors may be satisfied by the proposed 180 month sentence. Mr. Knight has no criminal history[2]. The arrest listed in paragraph 68 of the report as a Third District Court case that has been dismissed is the present case when it had been filed as a State case.

It is significant that while Mr. Knight does not dispute the conduct in which he engaged, encouraging minors to take pornographic photographs and send them to him, he has never physically abused a child and has never attempted to try to meet any of his victims.

Mr. Knight can conform his conduct to what the law expects of him. As noted in paragraph 86 of the report, he has been forthright about the offenses he committed and expressed genuine empathy for his victims. He stated to the examiner that he was glad he got caught, accepted the consequences of his actions, and was positive of engaging in sex offender treatment. He scored in the low average range on a molester comparison scale which typically would place him in the category of person who could be treated in the community but for the nature of these offenses and the penalties involved, paragraph 87.

The examiner's conclusions about Mr. Knight are supported by the many letters attached hereto from friends, family, business associates, a former law enforcement official, and a former therapist. From these letters, a very different version of Mr. Knight emerges. He is a kind, loving person who has been honest with them about his issues, who served his church, and whose restoration and reliance upon his religious faith will give him the strength to face prison and takes the steps necessary to alter and control his behavior permanently.

Mr. Knight is broken, but not irretrievably so. He will be over 50 years old when he is released from prison. Fifteen years in prison, lifetime sex offender registration, and lifetime supervision with no doubt no access to electronic devices that are not monitored by a future

---

2 Paragraph 64.

probation officer is more than adequate to promote respect for the law, reflect the seriousness of the offense, give him the time he needs to successfully complete sex offender treatment, deter others, and protect the public from future crimes. Mr. Knight urges the Court to follow the parties' agreed sentence because it is just.

.

DATED this 18th day of September, 2023.

/s/  EDWARD K.BRASS
EDWARD K. BRASS
Attorney for the Defendant

### ELECTRONIC FILING CERTIFICATE

I hereby certify that a true and correct copy of the foregoing Sentencing Memorandum was filed electronically and caused to be served by electronic notice to all parties on September 18, 2023.

/s/Edward K. Brass